## CHARLOTIN v ZAYRE CORPORATION, et al.
### Case No. 88-09743 CA 25
Eleventh Judicial Circuit, Dade County
October 31, 1989

## OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### ORDER ON INTERPRETER'S FEES AS COSTS

#### The Motion

The Court is advised by the attorneys for both parties that this is a case of first impression in the State of Florida. The facts are not in dispute. Plaintiff prevailed in a jury trial against Defendants. Plaintiff Jean Charlotin now seeks to tax costs against Defendant Zayre Corp. for, among other things: the services of an interpreter in the Creole language to assist counsel in direct communications with his client Charlotin and for discovery; and for the services of such an interpreter throughout the trial, so that the Plaintiff could testify before a jury and to understand the court proceedings. Plaintiff's counsel urges that these costs are necessary in Plantiff obtaining due process in the courts of this State.

## The Facts

Plaintiff Jean Charlotin emigrated from Haiti to Florida about one year before the incident. It is clear from the proceeding which this Court monitored, that Mr. Charlotin does not understand or speak the English language sufficiently to comprehend court proceedings, to relate operative facts to his attorney, or to understand fully his rights. During these court proceedings, an interpreter in the Creole language was present with Mr. Charlotin to interpret the English language being used by the witnesses, attorneys, jury and judge; and Mr. Charlotin testified at trial through the use of that interpreter.

The guidelines issued by our Supreme Court on taxable costs are silent on this type of motion. Plaintiff's counsel analogized this case to a quasi-criminal proceeding in that the complaint sought compensatory and punitive damages for negligence, assault and battery, and false imprisonment for willful and wanton conduct.[1]

It is neither the intent of this Court nor is it permitted to make new law. However, in civil law it is clear that a defendant found liable of wrongdoing is responsible for the Plaintiff's damages occasioned thereby. In other words, a defendant "takes" a Plaintiff as is, with any alleged infirmities. Hence, if a Plaintiff is ultra-sensitive, has prior injuries, is in delicate condition, or has some other condition which other normally do not have thereby occasioning greater damages, the Defendant is still responsible for those damages if Defendant caused them.

Plaintiff's counsel urges that an interpreter was necessary for Plaintiff to exercise his rights to come into Court, to communicate with his counsel, to participate in, and to understand, the Court proceedings so as to provide a meaningful system of justice. In that regard, the right of effective access to the Courts has been accorded to Defendants in criminal matters.

In *Bounds v Smith,* 97 S.Ct. 1491 (1977), 430 U.S. 817 (1977), the United States Supreme Court, in a criminal case involving prison inmates and their access to the courts via availability of law libraries, said the following:

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts. This Court recognized that right more than 35 years ago when it struck down a regulation prohibiting

---

[1] The evidence showed that Mr. Charlotin was handcuffed, "arrested" and questioned for an unusually long period of time after being held for alleged shoplifting from Defendant's department store.

state prisoners from filing petitions for habeas corpus unless they were found " 'properly drawn' " by the " 'legal investigator' " for the parole board . . . We held this violated the principle that "the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus." (at p. 821-822) "More recent decisions have struck down restrictions and required remedial measures to insure that inmate access to the courts is adequate, effective, and meaningful . . ." (at p. 822) "Because we recognize that "adequate and effective appellate review" is impossible without a trial transcript or adequate substitute, we held that State must provide trial records to inmates unable to buy them. *Griffin v Illinois,* 351 U.S. 12, 20, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956). Similarly, counsel must be appointed to give indigent inmates "a meaningful appeal" from their convictions." (at p. 822)

---

"Moreover, our decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them. States must forego collection of docket fees otherwise payable to the treasury and expend funds for transcripts. State expenditures are necessary to pay lawyers for indigent defendants at trial." (at p. 825)

---

"We hold, therefore, that the fundamental constitutional rights of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." (at p. 828)

When meaningful access to the courts and damages to a Plaintiff are to be reconciled, it is a small but indispensable step to require that a wrongdoing civil defendant be responsible for interpreter fees as an element of Plaintiff's damages. The Court finds that in this case an interpreter in Creole for Plaintiff was necessary and essential for Plaintiff to pursue his rights in this cause in the Courts of this State

According, the in-Court interpreter fees while Plaintiff was in the actual trial proceedings (including while Plaintiff testified) are taxable as costs against the Defendant. With respect to the out of court interpreter fees to confer with counsel or otherwise, this Court declines to award them as not being within the meaning or spirit of the

guidelines established by our Supreme Court. Therefore, if requested, the court will set a hearing to determine a reasonable fee for the interpreter in accordance with the foregoing.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 31st day of October, 1989.